FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 07 2020

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) WHITE RIVER MEDICAL CORPORATION, ) d/b/a WHITE RIVER HEALTH SYSTEM ) ) Defendant. ) | CIVIL ACTION NO. 3:20-cv-00049 DPM<br><br>C O M P L A I N T<br><br>Jury Trial Demanded<br><br>This case assigned to District Judge Marshall and to Magistrate Judge Harris |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Julie Milburn, Donna Boyd, James Kipfer, and a class of employees who were adversely affected by these unlawful employment practices. As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission alleges that White River Medical Corporation d/b/a White River Health System (Defendant Employer) removed from their positions Julie Milburn, then age 80; Donna Boyd, then age 77; and James Kipfer, then age 81; and a class of other similarly aggrieved employees because of their age, over the age of 72.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Arkansas, Northern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the Commission), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Employer has continuously been an Arkansas corporation located in the State of Arkansas and the City of Batesville and operating Senior Centers in the Arkansas cities of Mountain View, Brockwell, Salem, Mammoth Springs, Hardy, Cherokee Village, Ash Flat, and Cherokee Ville Clinic and has continuously had at least 20 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

7. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

8. Since at least October of 2018, Defendant Employer has engaged in unlawful employment practices at its Senior Life Centers, including but not limited to, facilities in Salem,

Arkansas, and Hardy, Arkansas, in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a). The alleged unlawful employment practices include removing from their positions Julie Milburn, Donna Boyd, James Kipfer, and a class of similarly aggrieved employees because of their age, over the age of 72.

9. Defendant Employer operates eight Senior Life Centers on behalf of the White River Area Agency on Aging where the following employees worked.

Julie Milburn

a. Julie Milburn (Milburn) was hired in 2013 as the director at the Salem Senior Life Center in Salem, Arkansas, by Defendant Employer's predecessor.

b. Defendant Employer then hired Milburn as the director of the Salem Senior Life Center when it took over the contract in July of 2016 from the predecessor contract holder.

c. As the director, Milburn's job duties included the daily operation of the Senior Center.

d. On or about October 23, 2018, Defendant Employer advised Milburn that she was discharged effective immediately because Defendant Employer could no longer obtain insurance coverage for any employee over the age of 72 who had driving responsibilities.

e. Milburn was age 80 at the time of her discharge.

f. Defendant Employer later recanted its "effective immediately' decision and permitted Milburn to continue working in a non-driving capacity until it filled her position.

g. Defendant Employer advised Milburn to go to the White River Health Systems website and apply for other positions.

h. Milburn applied for other positions, was interviewed, and was not offered a position.

i. Milburn's last date of employment was on or about November 19, 2018.

Donna Boyd

j.	Donna Boyd (Boyd) was hired in 2013 as the director at the Hardy Senior Life Center in Hardy, Arkansas, by Defendant Employer's predecessor.

k.	Defendant Employer then hired Boyd as the director of the Hardy Senior Life Center when it took over the contract in July of 2016 from the predecessor contract holder.

l.	As director, Boyd's job duties included the daily operation of the Senior Center.

m.	On or about October 23, 2018, Defendant Employer advised Boyd that she was discharged effective immediately because Defendant Employer could no longer obtain insurance coverage for any employee over the age of 72 who had driving responsibilities.

n.	Boyd was age 77 at the time of her discharge.

o.	Defendant Employer later recanted its "effective immediately' decision and permitted Boyd to continue working in a non-driving capacity until it filled her position.

p.	Defendant Employer told Boyd to go to the White River Health Systems website and apply for other positions.

q.	The open positions posted on Defendant Employer's website were located in Batesville, Arkansas, which for Boyd was 100 miles round trip; therefore, Boyd did not apply for any other positions.

r.	Boyd's last date of employment was on or about November 20, 2018.

James Kipfer

s.	James Kipfer (Kipfer) was hired in 2004 as van driver at the Hardy Senior Life Center in Hardy, Arkansas, by Defendant Employer's predecessor.

t.	Defendant Employer then hired Kipfer as van driver at its Hardy Senior Life Center when it took over the contract in July of 2016 from the predecessor contract holder.

u.	Kipfer's job duties primarily consisted of delivering meals to seniors in the area.

v.	On or about October 23, 2018, Defendant Employer advised Kipfer that he was

4

discharged effective immediately because Defendant Employer could no longer obtain insurance coverage for any employee over the age of 72 who had driving responsibilities.

w.  Kipfer was age 81 at the time of his discharge.

x.  After Defendant Employer discharged Kipfer, Defendant Employer told Kipfer he could work the rest of the week to ride with the new van driver to show the new driver the route.

y.  Kipfer's last day to work was on or about October 24, 2018.

10.  Defendant Employer made no attempt to locate an alternative insurance policy that would allow for continued driving insurance coverage for its employees.

11.  The effect of the practices complained of in Paragraphs 7 through 9 above has been to deprive Julie Milburn, Donna Boyd, James Kipfer, and similarly aggrieved individuals of equal employment opportunities and otherwise adversely affect their status as employees because of their age.

12.  The unlawful employment practices complained of in paragraphs 7 through 9 above were willful and intentional within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discharging employees or engaging in any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B.  Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C.  Grant a judgment requiring Defendant Employer to pay appropriate back wages in

an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to individuals whose wages were and/or are being unlawfully withheld as a result of the acts complained of above including, but not limited to, Julie Milburn, Donna Boyd, James Kipfer, and a class of other individuals adversely affected by the unlawful practices described above.

D. Order Defendant Employer to make whole Julie Milburn, Donna Boyd, James Kipfer, and a class of other similarly aggrieved individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to reinstatement; adjustment of wages, seniority and benefits to current levels; restoration of medical insurance; or front pay where appropriate.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

**SHARON GUSTAFSON**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

*Faye A. Williams by PBD*

**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 11730

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

1407 Union Avenue, Suite 901
Memphis, TN  38104
Telephone: (901-544-0088

*Pamela B Dixon*

**PAMELA B. DIXON**
Senior Trial Attorney
AR Bar No. 95085

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

820 Louisiana St., Ste. 200
Little Rock, AR  72201
Telephone: (501) 324-5065
pamela.dixon@eeoc.gov