# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | PLAINTIFF |
| v. No. 3:20-cv-49-DPM | |
| WHITE RIVER MEDICAL CORPORATION d/b/a White River Health System | DEFENDANT |

## ORDER

The parties have informally advised the Court that they've settled this case and provided a proposed consent decree. It's attached. In the circumstances, should the public be notified and given the opportunity to comment before the Court acts? The Court would appreciate receiving the parties' thoughts on this issue by 28 June 2021.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

21 June 2021

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ) ) ) ) **Plaintiff,** ) ) v. ) ) WHITE RIVER MEDICAL CORPORATION ) ) ) **Defendant.** ) | Case No. 3:20-cv-00049 DPM |

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission (the Commission), filed this civil action against Defendant White River Medical Corporation (White River), under Section (b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* (the ADEA). The Commission sought to remedy the unlawful employment practices alleged in the Complaint filed on February 7, 2020. In its Complaint, the Commission alleges White River subjected James Kipfer, Julie Milburn, Donna Boyd, and a class of employees to age discrimination by terminating their employment because they were over the age of 72 and because they held driving responsibilities and White River could no longer obtain insurance coverage.

This Decree represents the complete and exclusive agreement between the Parties with respect to the matters referenced herein.

No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing.

1

No representations or inducements to compromise this action have been made between the parties, other than those recited or referenced in this Decree.

If the Court does not approve this Decree, the parties agree neither of them will attempt to admit the Decree in evidence in this or any subsequent lawsuit.

After examining the terms of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court hereby APPROVES the Decree and FINDS as follows:

## I. JURISDICTION

The United States District Court for the Eastern District of Arkansas, Northern Division, has jurisdiction over the Parties and the subject matter of this litigation and will retain jurisdiction over this Decree for the purposes of enforcement and dispute resolution.

## II. FINDINGS

A. This Decree furthers the purposes of the ADEA and serves the public's interest.

B. The terms of this Decree are a fair and equitable settlement of this action.

C. The Parties reached the terms of the Decree by a process of negotiation and compromise.

D. The Decree conforms to the Federal Rules of Civil Procedure and the ADEA and does not derogate the rights or privileges of any person.

E. The Decree represents the final and binding agreement between the Commission and White River, its directors, officers, agents, employees, successors or assigns, and all persons in active concert or participation with White River.

F. The Parties agree to the entry of this Decree to fully and finally resolve all claims raised by the Commission in its Complaint in Civil Action No. 3:20-cv-00049 DPM.

### III. SCOPE AND DURATION OF THE DECREE

A. This Decree resolves all issues and claims arising from the Charges of Discrimination filed by Mr. Kipfer, Ms. Milburn, and Ms. Boyd against White River.

B. This Decree resolves all issues and claims arising from the Commission's Complaint against White River in Civil Action No. 3:20-cv-00049 DPM.

C. The duration of this Decree and all obligations shall remain for two years from the date of its entry by the Court.

D. During the term of this Decree, the Court shall retain jurisdiction over this case for purposes of compliance and any disputes that may arise.

### IV. INJUNCTIVE RELIEF

A. White River, its officers, and agents are enjoined from terminating any employees with driving responsibilities at its Senior Centers because of such individuals' age.

B. White River, its officers, and agents are enjoined from failing to hire any employee with driving responsibilities at its Senior Centers because of such individual's age.

C. White River, its officers, and agents are enjoined from retaliating against any employee with driving responsibilities who complains of discrimination on the basis of such individual's age.

### V. COMMERCIAL AUTOMOBILE INSURANCE POLICY

A. Before renewing or purchasing any and all commercial automobile insurance policies, White River will contact a minimum of three insurance companies to ascertain whether it can obtain:

1. policies which do not exclude from coverage any drivers age 40 or older based on their age;

2. policies which do not apply a higher or stricter standard for determining coverage eligibility to any drivers age 40 and older than is applied to drivers under the age of 40; and,

B. White River will certify to the Commission, in writing, that its commercial automobile insurance is in compliance with Section V, Paragraph A.

C. With the certification required by Section V, Paragraph B, White River shall include and provide to the Commission current copies of White River's certification of insurance, and complete copies of all documents reflecting and related to current insurance policies and coverages. This includes, without limitation, all insurance policies, policy guidelines, exclusions, riders, letters of intent, addendums, motor vehicle records guidelines, underwriting guidelines, and any other related or ancillary documents or agreements that White River or its insurers treat as modifying insurance obligations.

## VI. INDIVIDUAL RELIEF

A. White River will pay $52,500 in back pay in full resolution of this case. White River will pay the Charging Parties and one class member within 30 days after entry of the Decree, assuming that the Commission has transmitted all executed releases to White River. A sample copy of the release is attached as Exhibit A.

B. The Commission will designate the amounts to be paid to each claimant.

C. White River shall issue a W-2 form to each claimant for the amount of monetary relief designated as back pay. Lawful employment payroll deductions for social security and withholding taxes shall be deducted. White River is responsible for all State and Federal employer withholding and such payments shall not be deducted from the monetary relief. The Commission will provide White River with the amounts for each

4

claimant within 10 business days after entry of this Decree.

## VII. <u>EEO POLICY REVIEW</u>

Within 60 calendar days of the entry of this Decree, White River shall, in consultation with an outside consultant experienced in the area of employment discrimination law (Consultant), review its existing EEO policies to conform with the law and revise, if necessary.

    A.    The written EEO policies must include at a minimum:

        1.    A strong and clear commitment to preventing unlawful age discrimination and retaliation;

        2.    A clear and complete definition of disparate treatment based on age and retaliation;

        3.    A statement that discrimination based on age or retaliation is prohibited and will not be tolerated;

        4.    A clear and strong encouragement of persons who believe they have been discriminated or retaliated against to report such concerns;

        5.    The identification of specific individuals, with telephone numbers, to whom employees can report their concerns about discrimination, harassment, or retaliation;

        6.    A clear explanation of the steps an employee must take to report discrimination or retaliation, which must include the options of either an oral or written complaint;

        7.    An assurance that White River will investigate allegations of any activity

that might be construed as unlawful discrimination and that such investigation will be prompt, fair, and reasonable, and conducted by a neutral investigator specifically trained in receiving, processing, and investigating allegations of discrimination;

8. An assurance that appropriate corrective action will be taken by White River to make victims whole and to eradicate the unlawful conduct within its workforce

9. A description of the consequences, up to and including termination, that will be imposed upon violators of White River's anti-discrimination policies;

10. A promise of maximum feasible confidentiality for persons who report unlawful discrimination, harassment, and/or retaliation, or who participate in an investigation into allegations of discrimination, harassment, and/or retaliation; and

11. An assurance of non-retaliation for persons who report unlawful discrimination, harassment, and/or retaliation, and for witnesses who provide testimony or assistance in the investigation(s) of such unlawful discrimination, harassment, and/or retaliation.

B. Within 30 calendar days after completion of the policy review required under this Section, the written EEO policies shall be posted in a prominent location frequented by employees, and distributed to each current employee at White River Medical Center Senior Center.

C. The written EEO policies, which may be incorporated into an Employee Handbook or similar document, shall be distributed to all new Senior Center employees when hired.

D. White River shall make the written EEO policies available in alternative formats as necessary for persons with cognitive and print disabilities that may prevent them from reading the policies. Alternative formats will include but not be limited to an audiotape format.

## VIII. <u>TRAINING</u>

A. White River shall conduct training for its Senior Center management staff regarding the requirements of the ADEA and the prevention of age discrimination in the work place. At least annually, White River will provide training for all its Senior Center employees regarding age discrimination, stereotypes about older drivers, insurance practices that unfairly limit driving jobs for older drivers, and White River's own policy of hiring drivers based on their qualifications and good driving records, not their age (Annual ADEA Training). All training under this Paragraph shall be conducted by outside vendors, at White River's expense and may be conducted virtually.

B. All Senior Center Employees**:** Annual ADEA Training for all employees will be at least one hour. Employees who are newly hired will be provided the one-hour training required by this paragraph within 30 days of being hired which may be conducted virtually.

C. Additional Training for Managerial, Supervisory, and Human Resources Employees:   In addition to the Annual ADEA Training for all Senior Center employees, all director level and human resources employees will be provided at least one hour of training on the ADEA per year, which may be provided virtually, to specifically include issues relating to

hiring discrimination against older workers. Employees who are newly hired or recently promoted into a managerial, supervisory, or human resource position will be provided the one-hour training required by this paragraph within 30 days of being hired or promoted.

D. White River agrees that the first such training session for each employee group identified in Section VIII, Paragraphs A and B above, will occur within 60 calendar days after the Court's entry of this Decree. White River agrees that all of its Senior Center personnel shall both register and attend the training sessions. White River may conduct the training virtually due to Covid-19.

E. The Commission, at its discretion, may designate one or more Commission Representatives to review the virtual presentations. White River shall provide the Commission with 30 days' notice that a training session will be conducted, or alternatively, White River may provide a comprehensive schedule of trainings planned for the year or for a number of months if such is more convenient.

F. The training sessions shall last a minimum of one hour, and a labor and employment attorney shall conduct the training. The training shall consist of the following:

1. explanation of the ADEA, including an employer's obligations regarding age claims and prohibition against age discrimination in the workplace;

2. explanation of the factors human resource personnel, managers, and supervisory employees should consider when making employment decisions.

G. Within 30 days of the training, White River shall submit to the EEOC documentation showing the training occurred and a signed roster showing the names of the

employees who attended the training.

## IX. REPORTING

White River shall provide two reports to the Commission during the duration of the Decree as follows:

    A.    White River shall submit its first report at 12 months following the entry of the Decree.

        1.    The report will include all Senior Center employees terminated within the previous year, the reason for termination, and their ages.

        2.    The report will include all persons who applied with any White River Senior Centers for any position that included driving responsibilities. White River will include the name, age, and contact information for any applicant it failed to hire and the reason for denying hire.

        3.    The report will include the name and age of any person over the age of 72 with driving responsibilities hired by White River at its Senior Centers.

        4.    The report will include any complaints of age discrimination at any Senior Center and White River's response to the complaint.

        5.    The report will include any insurance company contacted by White River in an attempt to obtain insurance coverage for an employee or applicant.

    B.    White River shall submit its second and final report at 22 months following the entry of the Decree.

        1.    The report will include all Senior Center employees terminated within the previous year, the reason for termination, and their ages.

2. The report will include all persons who applied with White River's Senior Centers for any position that included driving responsibilities. White River will include the name, age, and contact information for any applicant it failed to hire and the reason for denying hire.

3. The report will include the name and age of any person over the age of 72 with driving responsibilities hired by White River at any of its Senior Centers.

4. The report will include any complaints of age discrimination and White River's response to the complaint.

5. The report will include any insurance company contacted by White River in an attempt to obtain insurance coverage for an employee or applicant.

C. Both reports will certify that the Notice Poster referenced in Section X has been posted annually and remained posted during the duration of the Decree.

D. All reports shall be submitted to EEOC-MEDO-decree-monitoring@eeoc.gov

## X. NOTICE POSTERS

Within 10 calendar days after entry of the Decree, White River shall post, for the duration of this Decree, the Notice to Employees attached as Exhibit B. The Notice shall be posted in a conspicuous location in any non-public area frequented by employees at all of White River's senior center locations. The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, White River will replace the Notice with a clean copy. White River shall certify to the Commission, in writing, within ten calendar days of entry of this

Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Decree.

## XI. MONITORING AND ENFORCEMENT

A. The Commission may monitor White River's compliance with the terms of this Consent Decree by:

1. Examining documents or other records required to be made or kept by this Decree;

2. Interviewing employees and management concerning the requirements of and compliance with this Decree.

B. If the Commission reasonably finds White River failed to comply with the Decree, the Commission shall provide White River notice of the failure and allow it a period of 20 calendar days from receipt of the notice to comply. If, after the 20-day period has expired, White River substantially fails to comply, the Commission may then petition this Court for relief. Such relief may include further permanent or temporary injunctions, monetary relief, costs, and/or penalties for contempt of court.

## XII. SEVERABILITY

If one or more provisions of this Decree are rendered unlawful or unenforceable as a result of a legislative act or a decision by a court of competent jurisdiction, the following will apply to ensure that this Decree continues to effectuate the intent of the parties. The provisions of this Decree which are not rendered unlawful, unenforceable, or incapable of performance as a result of such legislative act or court decision will remain in full force and effect and the parties'

responsibilities will not abate as to any and all provisions that have not been rendered unlawful or unenforceable, except to the extent that the intent of this Decree would be undermined.

### XIII. <u>SUCCESSOR LIABILITY</u>

A. For the duration of this Decree, prior to any sale, merger, or consolidation of the company, White River shall provide written notice and a copy of this Decree to any successors, assigns, subsidiaries, affiliates, or any other corporation or entity that acquires, merges or consolidates with White River. Any surviving entities that exist upon completion of the acquisition, merger or consolidation shall remain fully liable for compliance with this Decree.

B. During the term of this Decree, White River shall provide notice to the Commission 45 days prior to any assignment, succession, acquisition, merger, or consolidation.

### XIV. <u>COSTS AND EXPENSES</u>

The parties shall bear their own costs, attorney fees, and expenses arising from this litigation.

IT IS SO ORDERED THIS _____ DAY OF _____, 2021.

_____
**CHIEF, U. S. DISTRICT JUDGE
D.P. MARSHALL JR.**

| FOR THE COMMISSION: | FOR WHITE RIVER: |
|---|---|
| **GWENDOLYN Y. REAMS**<br>Acting General Counsel | */s/*Christopher Heller<br>**CHRISTOPHER HELLER**<br><br>FRIDAY ELDREDGE AND CLARK, LLP<br>400 West Capital, Suite 2000<br>Little Rock, AR 72201<br>(501) 370-1506<br>heller@fridayfirm.com |
| */s/* Faye A. Williams<br>**FAYE A. WILLIAMS**<br>Regional Attorney<br><br>EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>1407 Union Ave., Ste. 901<br>Memphis, TN 38104<br>(901) 685-4609<br><br>*/s/* Pamela B. Dixon<br>Senior Trial Attorney<br><br>EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION<br>801 Louisiana, Ste. 200<br>Little Rock, AR 72201<br>(501) 900-6145<br>pamela.dixon@eeoc.gov | . |

# RELEASE

I,_____[Claimant Name)], in consideration for $_____[to be specified by the EEOC], less all required withholdings, paid to me by White River in connection with the resolution of *EEOC v. White River Medical Corporation*, Case No. 3:20-cv-49 DPM (E.D.Ark.), waive my right to recover for any claims of age discrimination arising under the ADEA that I had against White River prior to the date of this release and that were included in the claims alleged by EEOC's complaint in this case.

Date:_____ Signature: _____

Exhibit B
<u>NOTICE</u>

1. This Notice to all employees of White River Medical Corporation is posted as part of the agreement reached between White River and the Equal Employment Opportunity Commission in settlement of a complaint alleging age discrimination in termination.

2. Federal law requires an employer to maintain a workplace free from discrimination based on age, as well as sex, race, color, religion, national origin, or disability with respect to terms and conditions of employment. It is also unlawful to retaliate against any employee who opposes a practice made unlawful under federal law, or files, assists or participates in the filing of a charge of discrimination or participates in any investigation under the ADEA.

3. White River shall not tolerate or condone age discrimination or retaliation against any employee. Age discrimination violates Company policy as well as federal law. Violations of these Company policies by anyone employed by White River shall result in disciplinary action up to and including termination.

4. White River is committed to providing a workplace free of age discrimination.

5. White River supports and shall comply with the ADEA in all respects and shall not take any action against any employee because the employee opposed employment practices made illegal by the ADEA or exercised his/her rights under the law by filing a charge with the Equal Employment Opportunity Commission or because he/she testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under the ADEA.

6. This Notice shall remain posted for two years from entry of the Decree referenced in Paragraph No. 1.

7. If you believe you have been discriminated against in violation of federal law, you may contact the EEOC at 1-800-669-4000. The TTY number for hearing impaired is 1-800-669-6820. Additional information may also be found at eeoc.gov. Finally, you may contact the Little Rock Area Office at 501-324-5060.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

WHITE RIVER MEDICAL CORPORATION

_____

DATE
_____