IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION )<br>)<br>)<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>WHITE RIVER MEDICAL CORPORATION )<br>)<br>)<br>Defendant. ) | Case No. 3:20-cv-49 DPM |

**MEMORANDUM IN SUPPORT OF JOINT MOTION TO APPROVE AND ENTER CONSENT DECREE**

The Equal Employment Opportunity Commission and White River Medical Corporation (collectively, "the Parties") submit this Memorandum in Support of the Parties' Joint Motion to Enter Consent Decree.

### INTRODUCTION AND BACKGROUND

The Parties have agreed to the terms of a Consent Decree to resolve this civil action. Although the Parties disagree on the merits of this case, they believe settlement remains in the best interest of each Party. The Parties aver to the Court that each party engaged in good faith negotiations to save and conserve resources for the Parties and the Court. The Parties have consented to entry of this proposed Decree to avoid the additional expense of continued litigation of the case. The Parties also stipulate the terms and conditions of this Decree are fair, reasonable, adequate, and serve the public interest in eradicating employment discrimination.

The Commission filed this lawsuit against White River on February 7, 2020. [Doc. No. 1]. In the Complaint, the Commission alleged White River engaged in unlawful discrimination in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (ADEA) when it terminated Julie Milburn, Donna Boyd, James Kipfer, and a class of employees because of their age.

The Commission alleged White River engaged in the unlawful employment practices at its Senior Life Centers, including but not limited to, facilities in Salem, Arkansas, and Hardy, Arkansas, when it removed from their positions Julie Milburn, Donna Boyd, James Kipfer, and a class of similarly aggrieved employees because of their age, over the age of 72.

As set forth in the Consent Decree, White River's entry into the Consent Decree is not an admission of liability, wrongdoing, or fault.

The Parties engaged in good faith settlement discussions to resolve this action and have reached a settlement in the form of a proposed Consent Decree, attached hereto. The Parties request this Court enter the proposed Consent Decree to resolve this matter.

## LEGAL STANDARD

A consent decree has attributes of both a contract and a judicial order. *See United States v. ITT Cont'l Baking Co.*, 420 U.S. 223, 236 n. 10 (1975). "On the one hand, a consent decree is a voluntary settlement which could be fully effective without judicial intervention." *Williams v. Vukovich,* 720 F.2d 909, 920 (6th Cir. 1983) (citing *United States v. City of Miami, Fla.,* 664 F.2d 435, 439-40 (5th Cir. 1981)). "A consent decree, however, is also a final judicial order." *Williams,* 720 F.2d at 920. The Supreme Court has noted that it is "the parties' consent [that] animates the legal force of a consent decree." *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986).

"The criteria to be applied when a district court decides whether to approve and enter a proposed consent decree, are whether the decree is 'fair, adequate, and reasonable, as well as consistent with the public interest.'" *United States v. Lexington-Fayette Urban Cty. Gov't*, 591 F.3d 484, 489 (6th Cir. 2010) (citing *United States v. Cty. of Muskegon*, 298 F.3d 569, 580-81 (6th Cir. 2002)); *see also Williams,* 720 F.2d at 921 (noting that "[t]he ultimate issue the court must decide . . . is whether the decree is fair, adequate and reasonable"). "Protection of the public interest is the key consideration in assessing whether a decree is fair, reasonable and adequate." *United States v. Akzo Coatings of Am., Inc.*, 949 F.2d 1409, 1435 (6th Cir. 1991). Moreover, when the plaintiff is an executive branch agency responsible for enforcement of the statute that provides the legal basis for the consent decree, courts should defer to the agency's experience and expertise in handling such matters. *United States v. BP Amoco Oil PLC*, 277 F.3d 1012, 1019 (8th Cir. 2002). *See also Akzo Coatings of Am., Inc.,* 949 F.2d at 1436; *SEC v. Randolph*, 736 F.2d 525, 528-29 (9th Cir. 1984).

## ARGUMENT

When Parties negotiate a proposed consent decree in apparent good faith, fairness appears to weigh in favor of approving the consent decree. *Lexington-Fayette*, 591 F.3d 484, 486 (6th Cir. 2010). In the present case, the proposed Consent Decree represents the culmination of extensive, good faith settlement discussions between the Parties. The proposed agreement is fair, adequate and consistent with the public interest. Additionally, the proposed agreement is reasonable as it is narrowly tailored to address the specific harm that the Commission alleged in the lawsuit.

Under the terms of the proposed Consent Decree, a monetary settlement payment will be made to the three charging parties and one class member. The Decree also addresses non-monetary equitable terms tied to the allegations made in this lawsuit. Specifically, the Parties agreed to

include terms in the proposed Consent Decree that require White River to consult with a minimum of three providers when attempting to obtain motor vehicle insurance that does not exclude employees or applicants based on their age. The terms of the Consent Decree also require, among other things, White River to review its existing EEO policies to conform with the law and revise, if necessary, and to conduct training at its Senior Centers regarding age discrimination.

The Commission, as the government agency charged with enforcing the ADEA, litigates in the public interest. See *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 297-98 (2002) (noting that when the Commission brings a lawsuit, it does so in its own name for the public interest). The Parties agree that entry of the proposed Consent Decree will protect the public interest. The proposed Consent Decree's substantive provisions are consistent with the public interest because they are designed to prevent discrimination from occurring, as well as further the purposes of the ADEA.

The Commission's experience in litigating age discrimination cases has shown that consent decrees remain an important enforcement tool. "A consent decree offers more security to the parties than a settlement agreement where the only penalty for failure to abide by the agreement is another suit." *Randolph*, 736 F.2d at 525 (citing *City of Miami,* 664 F.2d at 439).

In sum, the Parties maintain that the proposed Consent Decree is fair, adequate, reasonable, and consistent with the public interest and request that the Court approve and enter the Consent Decree.

## CONCLUSION

For the foregoing reasons, the Parties respectfully move this Court to approve and enter the proposed Consent Decree.

| FOR THE COMMISSION: | FOR DEFENDANT: |
|---|---|
| **GWENDOLYN Y. REAMS** <br> Acting General Counsel | **CHRISTOPHER HELLER** |
| **FAYE A. WILLIAMS** <br> Regional Attorney | FRIDAY ELDREDGE AND CLARK, LLP <br> 400 West Capital, Suite 2000 <br> Little Rock, AR 72201 <br> (501) 370-1506 <br> heller@fridayfirm.com |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION <br> 1407 Union Ave. Ste. 901 <br> Memphis, TN 38104 <br> (901) 685-4609 | *Attorney for Defendant* |
| **PAMELA B. DIXON** <br> Trial Attorney | |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION <br> 801 Louisiana, Ste. 200 <br> Little Rock, AR 72201 <br> (501) 900-6145 <br> pamela.dixon@eeoc.gov | |
| *Attorneys for Plaintiff* | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was sent electronically via email to the following:

Christopher J. Heller
Friday Eldredge and Clark LLP
400 West Capitol Avenue, Ste. 2000
Little Rock, AR 72201
Tel..(501) 370-1506
heller@fridayfirm.com

| July 2, 2021 | */s/* Pamela B. Dixon |
|---|---|
| Date | **PAMELA B. DIXON** |